# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

CYNTHIA L. ANDERSON,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　) 　No. 07-4221-CV-C-WAK
　　　　　　　　　　　　　　　　　　)
BOONE HOSPITAL CENTER,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

## ORDER

　　　　Plaintiff Cynthia Anderson filed suit, without benefit of counsel, in November 2007, alleging defendant discriminated against her on the basis of her race.[1]  She asserts she was discharged from her job without a fair investigation being conducted.  Defendant responded to the complaint, discovery occurred, mediation was unsuccessful, and defendant has now filed a motion for summary judgment.  Plaintiff did not respond in opposition to the motion within the time limits set by the local rules, and a show cause order was issued on March 9, 2009.  Plaintiff did not respond to the show cause order, and thus, does not appear to oppose the entry of judgment in favor of defendant.

　　　　Rule 56(c) of the Federal Rules of Civil Procedure requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact."  City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

　　　　Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and

---

[1] Plaintiff's claim is brought under Title VII, 42 U.S.C. § 2000e.

admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

The uncontroverted facts set forth in defendant's suggestions have not been challenged by plaintiff.  Those facts indicate plaintiff began working at Boone Hospital in July 2001 and continued to work there until February 2007.  She received positive performance evaluations, with the exception of complying with the attendance policy.  The hospital was relatively lenient with her, but did on several occasions issue her a corrective action.

In late 2005 or early 2006, plaintiff became upset at work and walked off the job.  She did not call in or report to work the next day, although her department was understaffed and her absence created additional work for her coworkers.  She intended to quit her job, but went back after being asked to do so by the department director.  She continued to work and to have problems with her attendance.

In October 2006, plaintiff tendered a notice of resignation because she wanted to do something different with her life.  Her department manager tried to talk her into staying, and ultimately, the department director did convince her to remain with Boone Hospital.

In January 2007, plaintiff complained to her supervisor that a coworker had called her "Aunt Jemima."  Anderson and the coworker teased each other and called each other names, and it was generally meant in fun.  When the coworker realized plaintiff was upset, she apologized to her.

The coworker was issued a corrective action, and then apparently complained to other workers that plaintiff had overreacted. The coworker felt she should not have been written up for the incident.

After plaintiff learned people were discussing the incident, she asked her manager to tell the coworker to stop talking about it. During that meeting, the manager told plaintiff that during the investigation, the coworker reported plaintiff had also engaged in name-calling. Plaintiff admitted calling the coworker a "hooker."

During the discussion, plaintiff became upset and walked out of the office. She refused to return to the office to finish the conversation, and instead, left work. She did not tell anyone she was leaving, and her scheduled shift was not over. At the time, she intended to quit her job. She did not return to work or call in the following day, a Thursday. On Friday, she did not return to work, but left messages that she was sorry for walking away.

Hospital policy provides that absences on two consecutive days without notice to the department manager is considered abandonment of the job. When the department director returned plaintiff's call on Friday, plaintiff asked if she could come back to work.

The director discussed the matter with plaintiff's supervisor and the department manager, and then decided not to allow plaintiff to return. His decision was based on corrective actions taken against plaintiff in July 2007 for her attendance, a later one for the name-calling incident and another for job abandonment. He gave plaintiff the option of resigning rather than being terminated, but she did not do so.

Plaintiff was a good worker who admits she violated hospital policy and that she knows of no other person in similar circumstances who was treated differently for accumulated violations of the policies.

Under Title VII, plaintiff has the initial burden of establishing, by a preponderance of the evidence, a prima facie case of discrimination based upon race. If plaintiff meets this initial burden, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. If the employer does so, the burden shifts back to the plaintiff to demonstrate that the proffered reason is a mere pretext for discrimination. <u>Ledergerber v. Stangler</u>, 122 F.3d 1142 (8th Cir. 1997).

3

Case 2:07-cv-04221-WAK   Document 22   Filed 04/15/09   Page 3 of 4

To establish a prima facie case of race discrimination, plaintiff must show (1) she is a member of a protected group; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees, not part of the protected group, were treated differently. Twymon v. Wells Fargo and Co., 462 F.3d 925, 934 (8th Cir. 2006).

In this case, plaintiff has not come forward with evidence to initially show that she was meeting her employer's legitimate expectations. The evidence shows plaintiff had attendance problems, walked away from her job on two occasions, and also engaged in name-calling. This behavior violated hospital policy. Further, plaintiff has not come forward with evidence that she was treated differently or more harshly than other employees. In the absence of evidence from plaintiff, she has not met her burden and defendant is entitled to judgment as a matter of law. Accordingly, it is

ORDERED that defendant's motion of January 22, 2009, for summary judgment is granted and this case is dismissed. [17]

Dated this 15th day of April, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge